IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARCHIE N. WILLIAMS

    Plaintiff,                    No. CIV S-12-0246 GGH P

    vs.

SOLANO COUNTY
SHERIFF'S DEPARTMENT
    Defendants.              ORDER
_____/

        Plaintiff is a county jail prisoner pro se.  he seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's jail trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's

1 prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of
2 the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid
3 in full.  28 U.S.C. § 1915(b)(2).

4 The court is required to screen complaints brought by prisoners seeking relief
5 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8 granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9 U.S.C. § 1915A(b)(1),(2).

10 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
12 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16 Cir. 1989); Franklin, 745 F.2d at 1227.

17 A complaint must contain more than a "formulaic recitation of the elements of a
18 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
19 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
20 "The pleading must contain something more...than...a statement of facts that merely creates a
21 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
22 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
23 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
24 v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
25 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
26 the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

While in Solano County Jail plaintiff states that two named guards struck him with a baton, knocked him to the floor and injured his finger while attempting to handcuff him. However, plaintiff provides no background information and he does not describe what led to this confrontation and it is entirely possible that the guards actions were justified. Plaintiff also states that he was denied medical care for a month, but fails to identify any defendants responsible, nor does he describe the medical care he was denied, what he required, and what injuries he suffered as a result. Plaintiff's complaint will be dismissed with leave to amend within twenty-eight days to provide more detail regarding his claims. Failure to file an amended complaint will result in this action being dismissed.

To state an Eighth Amendment claim, a plaintiff must allege that the use of force was "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

\\\\\

In order to state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842.

It is nothing less than recklessness in the criminal sense-subjective standard-disregard of a risk of harm of which the actor is actually aware. Id. at 838-842. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial

risk of serious harm exists, and he must also draw the inference." Id. at 837. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42. However, obviousness per se will not impart knowledge as a matter of law.

> The Civil Rights Act under which this action was filed provides as follows:
>
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

\\\\\

1  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
2  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
3  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
4  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
5  there is some affirmative link or connection between a defendant's actions and the claimed
6  deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d
7  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,
8  vague and conclusory allegations of official participation in civil rights violations are not
9  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
10  In addition, plaintiff is informed that the court cannot refer to a prior pleading in
11  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
12  amended complaint be complete in itself without reference to any prior pleading.  This is
13  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
14  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
15  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
16  original complaint, each claim and the involvement of each defendant must be sufficiently
17  alleged.
18  In accordance with the above, IT IS HEREBY ORDERED that:
19  1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
20  2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
21  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
22  § 1915(b)(1).  The fee shall be collected and paid in accordance with this court's order to the
23  Solano County Jail filed concurrently herewith.
24  \\\\\
25  \\\\\
26  \\\\\

1         3. The complaint is dismissed for the reasons discussed above, with leave to file
2 an amended complaint, within twenty-eight days from the date of service of this order. Failure to
3 file an amended complaint will result in this action being dismissed.
4 DATED: February 29, 2012

5                                       /s/ Gregory G. Hollows
                                       UNITED STATES MAGISTRATE JUDGE
6 GGH: AB
   will0246.b