IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARCHIE N. WILLIAMS

    Plaintiff,                                  No. CIV S-12-0246 GGH P

    vs.

SOLANO COUNTY
SHERIFF'S DEPARTMENT
    Defendants.                          <u>ORDER</u>

_____/

        Plaintiff is a county jail prisoner proceeding pro se who seeks relief pursuant to 42 U.S.C. § 1983 and is proceeding in forma pauperis. The original complaint was dismissed and plaintiff filed a first amended complaint on March 2, 2012, then a second amended complaint on March 7, 2012 and a third amended complaint on March 15, 2012. The undersigned will screen the third amended complaint. Any additional complaints filed before this screening order is served will be disregarded.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

The original complaint stated that plaintiff was attacked by two guards who injured plaintiff's finger while attempting to handcuff him. However, plaintiff provided no background information and he did not describe what led to this confrontation. As it was entirely

1  possible that the guards actions were justified, plaintiff was given leave to amend to provide
2  more details and more information concerning his excessive force claim and his additional claim
3  that he was denied proper medical care regarding his injured finger.
4         The third amended complaint has failed to provide the additional information
5  discussed in the prior screening order.  The complaint itself fails to describe in any more detail
6  the events that led to the confrontation and what actually happened between plaintiff and the
7  guards, other than plaintiff saying defendants used a baton and excessive force.  While plaintiff
8  has provided more information regarding his Eighth Amendment medical care claim, he has not
9  described the actions of specific defendants who were responsible.  There appears to be a viable
10 Eighth Amendment medical care claim, but plaintiff must describe the actions of the defendants
11 and how they deprived him of proper medical care.  Simply saying he received inadequate
12 medical care and naming a few parties is insufficient.  Plaintiff has also attached 15 pages of
13 exhibits which contain additional background information for the excessive force claim, such as
14 plaintiff's inmate grievances and the jail incident report, yet the additional information is still not
15 sufficient to state a claim.
16         Plaintiff states he was on the phone with his sister, trying to arrange bail, when the
17 call ended.  Plaintiff needed a few more minutes to speak with his sister and asked defendant
18 Lopez for five more minutes.  Plaintiff states he was stressed and became angry and admits he
19 could have handled the situation differently, but just didn't care at that point.  Plaintiff fails to say
20 what actually happened next, other than some confusing sentences that another defendant asked
21 him to turn around, he was struck and then defendant Lopez used his baton when plaintiff was on
22 the ground.  Plaintiff does not indicate whether he was still struggling, or not, when hit with the
23 baton. Based on plaintiff's failure to provide specific details and his admissions that he was
24 angry and should have handled the situation differently, the third amended complaint fails to
25 state a claim of excessive force, and it is arguable from plaintiff's own statements that he could
26 \\\\\

1 have been the aggressor.[1] The third amended complaint is dismissed and plaintiff may file a
2 fourth amended complaint within 28 days of service of this order. Failure to file a fourth
3 amended complaint will result in this action being dismissed.

4       To state an Eighth Amendment claim, a plaintiff must allege that the use of force
5 was "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir.
6 2001). The malicious and sadistic use of force to cause harm always violates contemporary
7 standards of decency, regardless of whether or not significant injury is evident. Hudson v.
8 McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). However, not "every malevolent touch by a
9 prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth
10 Amendment's prohibition of cruel and unusual punishments necessarily excludes from
11 constitutional recognition de minimis uses of physical force, provided that the use of force is not
12 of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and
13 citations omitted).

14       In order to state a claim for violation of the Eighth Amendment based on
15 inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence
16 deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).
17 To prevail, plaintiff must show both that his medical needs were objectively serious, and that
18 defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299,
19 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of
20 mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4
21 (1992).

---

[1] While not determinative, the incident reports from the jail provide additional information that aid in laying out the context of the confrontation. According to jail officials, plaintiff had just been part of an hour and a half unlock in which he could use the phone. The unlock had ended and a lockdown was ordered, so the area could be cleaned by jail workers. One of the defendants denied plaintiff's request to continue using the phone and said he could possibly use the phone after the clean up was completed and lockdown was over. It was at that point that plaintiff used foul language and refused to return to his cell which led defendants to use force to subdue him.

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842.

It is nothing less than recklessness in the criminal sense-subjective standard-disregard of a risk of harm of which the actor is actually aware. Id. at 838-842. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42. However, obviousness per se will not impart knowledge as a matter of law.

\\\\\
\\\\\

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore,

1  vague and conclusory allegations of official participation in civil rights violations are not
2  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
3         In addition, plaintiff is informed that the court cannot refer to a prior pleading in
4  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
5  amended complaint be complete in itself without reference to any prior pleading.  This is
6  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
7  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
8  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
9  original complaint, each claim and the involvement of each defendant must be sufficiently
10 alleged.
11        In accordance with the above, IT IS HEREBY ORDERED that the third amended
12 complaint is dismissed for the reasons discussed above, with leave to file a fourth amended
13 complaint, within twenty-eight days from the date of service of this order.  Failure to file a fourth
14 amended complaint will result in this action being dismissed.
15 DATED: April 12, 2012

                                    /s/ Gregory G. Hollows
                                    UNITED STATES MAGISTRATE JUDGE

GGH: AB
will0246.b2