IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARCHIE N. WILLIAMS,

    Plaintiff,                            No. 2:12-cv-0246 AC P

    vs.

SOLANO COUNTY SHERIFF'S DEPT., et al.

    Defendants.                      ORDER

          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action seeking damages and injunctive relief in his complaint filed pursuant to 42 U.S.C. § 1983.

          Plaintiff has filed a series of complaints, amended complaints, and statements regarding incidents at Solano County Jail. In his original complaint, filed January 30, 2012, plaintiff alleged that two officers used excessive force on him, and that unnamed persons had denied him medical care. ECF No. 1. He named as defendants the two officers, as well as Solano County Sheriff's Department, Solano County Jail Medical Department, and Solano County Jail. Id.

          On February 29, 2012, the court screened plaintiff's complaint and dismissed it with leave to amend. See ECF No. 8. The court noted that plaintiff had not provided sufficient

1  detail about his excessive force claim, and had not named any responsible defendants on his
2  denial of medical care claim. Id. at 3.

3  On March 2, 2012, plaintiff filed a "Complaint" in this action, labeled by the
4  Clerk as his first amended complaint ("1AC"). See ECF No. 10. In the 1AC, plaintiff alleges
5  that in August 2011, when he was first brought to Solano County Jail, he was forced to sleep on
6  a mattress on the floor for two days until a cell was available. Id. at 3. Plaintiff names as
7  defendants Solano County Jail Sheriff's Commander Lt. Marsh and Gary R. Stanton,
8  Commander of Solano County Sheriff and Jail. Id. at 2.

9  On March 7, 2012, plaintiff filed an amended complaint, labeled by the Clerk as
10 his second amended complaint ("2AC"). See ECF No. 11. In the 2AC, plaintiff alleges that
11 defendant officers Lopez and Marshall used excessive force in restraining him; that defendant
12 Jones denied him follow-up medical care; that defendant Stanton has failed to oversee the
13 facility properly, allowing officers to use force in every situation; and that defendant Marsh has
14 not overseen the facility properly because grievances get thrown away and sergeants answer
15 grievances about themselves. Id. Plaintiff also attaches grievances and responses related to his
16 excessive force and denial of medical care claims. Id. Plaintiff's caption reads that the
17 defendants are "Solano County Sheriff Department et al." but he identifies R. Lopez, S.
18 Marshall, Facility Commander Lt. Marsh, V. Jones RN, and Gary R. Stanton as defendants in his
19 complaint. Id.

20 On March 15, 2012, plaintiff filed another amended complaint, labeled by the
21 Clerk as his third amended complaint ("3AC"). See ECF No. 12. The 3AC is identical to the
22 2AC, except that plaintiff attaches some different grievance forms as exhibits, including some
23 which refer to plaintiff being housed in a dirty cell. Id. Plaintiff also includes an additional
24 statement in which he generally alleges that there are unsafe conditions at the facility and asks
25 for an investigation. Id. at 32.

26 On April 12, 2012, the court screened plaintiff's 3AC, noting that the plaintiff had

also filed the 1AC and 2AC. See ECF No. 13 at 1. The court dismissed the 3AC with leave to amend, noting that plaintiff had failed to provide the requisite detail about the excessive force claim described by the court in its February 29, 2012 screening order. Id. at 3. The court noted that plaintiff had also failed to describe the actions of the specific defendants who were responsible in his denial of medical care claim. Id. In dismissing with leave to amend, the court specifically informed plaintiff that

> the court cannot refer to a prior pleading in order to make plaintiff's complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

See ECF No. 13 at 7.

On May 2, 2012, plaintiff filed an amended complaint, labeled by the Clerk as his fourth amended complaint ("4AC"). See ECF No. 14. The caption reads that the defendants are Solano County Sheriff's Department, et al, and R. Lopes, but the complaint names R. Lopez and S. Marshall as defendants. Id. The 4AC does not appear to be complete in itself; instead, it appears to respond only to the deficiencies noted by the court in the court's April 12, 2012 screening order. Id.

On December 14, 2012, plaintiff filed an additional letter statement of his claims against defendant Lopez. See ECF No. 16.

In this case, it is currently unclear what claims plaintiff wants to pursue, and against which defendants. On the one hand, it appears that plaintiff seeks to proceed on his 3AC, as supplemented by the 4AC and the December 14, 2012 letter. However, the court does not want to assume that plaintiff is abandoning his claims against the county and supervisory defendants, or those dealing with unsafe conditions, or sleeping on the floor, or plaintiff's dirty

cell.  Also, the plaintiff is again informed that the court cannot proceed on a complaint which relies on supplements and additional statements.  Instead, the court must proceed on a single complaint which can be served on any defendants and which can be relied upon to provide defendants with proper notice of the claims plaintiff seeks to raise.  A "single complaint" means ***one comprehensive document*** which includes all plaintiff's allegations.  For these reasons, the court will dismiss the 4AC, with leave to file an amended complaint within 30 days of the filing date of this order.

Plaintiff is specifically referred to the court's prior statements of the law and the requirements for filing an amended pleading, as stated in the court's April 12, 2012 order.

Accordingly, IT IS HEREBY ORDERED that:

1.  The Clerk shall serve plaintiff with a copy of the court's April 12, 2012 order; and

2. The Fourth Amended Complaint (ECF No. 14) is dismissed with leave to amend the complaint within 30 days after service of this order.

DATED: February 14, 2013.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb/will0246.B(2)

4