UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE N. WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOLANO COUNTY SHERIFF'S DEPT., et al.,<br><br>　　　　　Defendant. | No. 2:12-cv-0246 AC P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, an inmate at the Solano County jail, seeks relief pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's fifth amended pro se civil rights complaint filed March 11, 2013. Plaintiff claims that defendant Lopez used unconstitutionally excessive force on him while defendant Marshall stood by and failed to intervene, and that defendant Jones subsequently failed to provide constitutionally adequate medical care. Defendants Lopez and Marshall have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) for failure to exhaust available administrative remedies. Plaintiff opposes the motion and defendants Lopez and Marshall have replied.

　　　　***Allegations in the Complaint***

　　　　On December 23, 2011, plaintiff was using the inmate phone at the Solano County jail when his phone call was disconnected. ECF No. 18 at 3. He approached defendant Lopez, the

1

1  floor officer, to ask for a few more minutes to finish the call.  Id.  Defendant Lopez stated "go to
2  [your] cell before I throw [your] ass in [your] cell."  Id.  Plaintiff got upset and said to defendant
3  Lopez, "throw me in my cell."  Id.  Defendant Marshall was coming out of the tower at that time
4  and saw what was happening.  Id. at 3.  Defendant Marshall approached and told plaintiff to turn
5  around and face the stairs.  Id. at 3.  Plaintiff complied.  Id.  Defendant Lopez expanded his baton
6  and then started hitting plaintiff even though plaintiff was not resisting in any way.  Id.
7  Defendant Lopez then pulled plaintiff's hand behind his back with so much force that plaintiff's
8  fingers bent back, tearing his tendon.  Id.  Subsequently, medical staff, including defendant Jones,
9  failed to provide appropriate medical treatment for plaintiff's finger.  Id.  Plaintiff's finger is now
10  in constant pain and the tip of his finger does not bend.  Id.

11  Based on these allegations, the court found that plaintiff had stated potentially cognizable
12  Eighth Amendment claims for relief against defendants Lopez, Marshall and Jones.  See ECF No.
13  20.  It appears, however, that plaintiff was a pre-trial detainee at the Solano County jail on
14  December 23, 2011.  The docket for plaintiff's state criminal case number VCR212033, of which
15  this court may take judicial notice, reflects that the Solano County District Attorney filed a
16  complaint against plaintiff on August 10, 2011 and that he is still awaiting trial on those charges.
17  See People v. Archie Ned Williams, No. VCR212033 (Solano County Superior Court filed
18  August 10, 2011) (available at http://courtconnect.solanocourts.com/courtconnect/ck
19  _public_qry_doct.cp_dktrpt_frames?backto=P&case_id=VCR212033&begin_date=&end_date=,
20  last accessed on September 25, 2013).

21  If plaintiff was a pre-trial detainee during the relevant time frame, then he derives his
22  applicable rights from the Due Process Clause of the Fourteenth Amendment rather than from the
23  Eighth Amendment.  See Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1187 (9th Cir.
24  2002), cert. denied, 537 U.S. 1106 (2003).  Due process imposes, at a minimum, the same
25  protections that the Eighth Amendment imposes, with Fourteenth Amendment analysis borrowing
26  from Eighth Amendment standards.  See Id.; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.
27  1998); Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996); Redman v. County of San Diego, 942
28  F.2d 1435, 1440−41 & n.7 (9th Cir. 1991).  Therefore, although plaintiff's rights are governed by

the Fourteenth Amendment, the court may again refer to the Eighth Amendment standard as a base reference for the minimal protections due.

### *Applicable Standards for Exhaustion of Administrative Remedies*

Pursuant to the Prison Litigation Reform Act ("PLRA"):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in a jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e (a); see also Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009); Brown v. Valoff, 422 F.3d 926, 934 (9th Cir. 2005) (quoting Porter v. Nussle, 534 U.S. 516, 525 n.4 (2002) (The PLRA "creates 'a general rule of exhaustion' for prisoner civil rights cases.").

Compliance with the exhaustion requirement is mandatory for any type of relief sought. Booth v. Churner, 532 U.S. 731, 739, 741 (2001) (holding that prisoners must exhaust their administrative remedies regardless of the relief they seek, i.e., whether injunctive relief or money damages, even though the latter is unavailable pursuant to the administrative grievance process); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); accord Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); see also Panaro v. City of North Las Vegas, 432 F.3d 949, 954 (9th Cir. 2005) (The PLRA "represents a Congressional judgment that the federal courts may not consider a prisoner's civil rights claim when a remedy was not sought first in an available administrative grievance procedure.").

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" Woodford v. Ngo, 548 U.S. 81, 90 (2006). All steps must be completed before a civil rights action is filed. McKinney, 311 F.3d at 1200. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218. Further,

> A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact

> necessary to prove each element of an eventual legal claim. The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.

Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009); see also McCollum v. CDCR, 647 F.3d 870, 876 (2011) ("While an inmate need not articulate a precise legal theory, a grievance must alert the prison to the nature of the wrong for which redress is sought.").

The PLRA's exhaustion requirement is not jurisdictional; rather, it creates an affirmative defense that a defendant may raise in an unenumerated Rule 12(b) motion. See Jones, 549 U.S. at 213–14; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003). The defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. When a prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120.

In deciding a motion to dismiss for failure to exhaust, a court may "look beyond the pleadings and decide disputed issues of fact." Wyatt, 315 F.3d at 1119–20. Thus, the parties may go outside the pleadings, submitting affidavits or declarations under penalty of perjury, but plaintiff must be provided with notice of his opportunity to develop a record. Id. at 1120 n.14. In this case, plaintiff was provided with such notice on May 21, 2013 and again contemporaneously with the filing of the motion to dismiss on July 11, 2013. See ECF Nos. 22, 27-3. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012).

*Analysis of the Motion to Dismiss*

In support of their motion to dismiss, defendants Lopez and Marshall submit a sworn declaration from Sgt. M. Cullison, custodian of records concerning inmate grievances submitted by inmates at the Solano County jail. See ECF No. 27-2. Under the inmate grievance system at the Solano County jail, an inmate may file a grievance regarding custody treatment, medical treatment, jail policies and procedures, or any other related matter within three days of the incident or circumstance being grieved. Id. at ¶ 3.

There are two levels to the inmate grievance system at the Solano County jail. Id. At the first level, an inmate gives the grievance to the floor officer. Id. The grievance is then routed to the applicable supervisor. Id. All grievances concerning medical treatment are referred to jail

1  medical staff, who respond to the grievance at the first level.  Id.  If the inmate is displeased with
2  the response he receives, he may appeal the grievance to the second level.  Id.  At the second
3  level, the grievance is routed to the facility commander or his designee for investigation and the
4  preparation of a response.  Id.  A decision at the second level of review exhausts an inmate's
5  administrative remedies.  Id.  The responses at both the first and second level are written on a
6  computer-generated document entitled "Grievance Detail for Grievance Number __."  Id.  A copy
7  of the grievance detail, with the response, is provided to the inmate.  Id.

8        The inmate grievance records maintained at Solano County jail contain information on all
9  grievances submitted by plaintiff during his incarceration at Solano County jail along with the
10 responses provided to him.  Id. at 4.  Plaintiff has submitted three inmate grievances regarding
11 medical care at the Solano County jail.  Id. at 5.  The first of these grievances was submitted
12 January 13, 2012, and was assigned the grievance number 12000067.  Id.  The second of these
13 was submitted February 11, 2012, and was assigned the grievance number 12000242.  Id.  The
14 third of these was submitted March 13, 2012, and was assigned the grievance number 12000452.
15 Id.  Copies of these grievances, and the responses provided, appear in the record attached to Sgt.
16 M. Cullison's declaration.  See ECF No. 27-2 at 4−15.  In each grievance, plaintiff requested
17 medical treatment for a finger injury.  Id.  In grievance number 12000067, plaintiff additionally
18 stated "The tip of my finger will not move. It's [due] to officer Lopez [bending] it back."  ECF
19 No. 27-2 at 5.  And further, "[t]his is concerning my same situation that happen[ed] on Dec. 22
20 when I was beat with baton by officer Lopez.  I also had my finger bent back."  Id. at 6.  Plaintiff
21 did not, however, submit any of these grievances to the second level of review.

22       With this evidence, defendants Marshall and Lopez have met their burden of raising and
23 proving the absence of exhaustion.  See Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012)
24 ("[T]o meet his burden, [defendant] must show that (1) a grievance procedure existed and (2)
25 [plaintiff] did not exhaust the grievance procedure.").  The burden now shifts to plaintiff to show
26 that he did not exhaust because administrative remedies were unavailable.  Id.  Exhaustion can be
27 excused where an inmate takes "reasonable and appropriate steps" to exhaust but is precluded
28 from exhausting not through his own fault but due to mistaken information from prison officials.

1 Id.

2       Plaintiff responds, "I spoke about officers in all grievances and how I was beat with baton when situation got out of hand [sic]." ECF No. 32 at 1. Otherwise, plaintiff does not address defendants' evidence that he failed to exhaust available administrative remedies. Plaintiff's submission of the three grievances at issue to the first level of review does not suffice to exhaust administrative remedies against defendant Lopez or defendant Marshall. Rather, in order to properly exhaust, plaintiff must have alerted the jail to his problem through use of the grievance procedure and then exhausted the grievance procedure through the second level of review, thus allowing jail officials a full opportunity to address the problem or provide a remedy. "Because [plaintiff] has not shown (1) that jail staff affirmatively interfered with his ability to exhaust administrative remedies or (2) that the remedies were unknowable, he has not met his burden of showing that the jail grievance procedure was 'unavailable.'" Albino, 697 F.3d 1023, 1033; see also Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008) ("Ngo hasn't shown that administrative procedures were unavailable, that prison officials obstructed his attempt to exhaust or that he was prevented from exhausting because procedures for processing grievances weren't followed."). Because plaintiff failed to exhaust available administrative remedies, his claims against defendants Lopez and Marshall must be dismissed.

      ***Appointment of Counsel***

      In response to the motion to dismiss, plaintiff requested the appointment of counsel. See ECF No. 30. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

////

////

6

*Conclusion*

Defendants Lopez and Marshall have met their burden of demonstrating that plaintiff failed to properly exhaust available administrative remedies.

Defendants have not consented to jurisdiction by United States Magistrate Judge. In accordance with the above, IT IS ORDERED THAT:

1. The clerk shall assign this case to a district judge.
2. Plaintiff's request for the appointment of counsel is denied.

Further, IT IS RECOMMENDED that the motion to dismiss filed by defendants Lopez and Marshall (ECF No. 27) be granted, and plaintiff's claims against defendants Lopez and Marshall be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 26, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:ls//will0246.57

7