UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE N. WILLIAMS, | No.  2:12-cv-00246 AC P |
| Plaintiff, | |
| v. | ORDER |
| SOLANO COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff, an inmate at the Solano County jail, who is proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983.  The parties have consented to the jurisdiction of the magistrate judge for all further proceedings.  ECF No. 4, 26.  Currently pending before the court is defendant Jones' motion for summary judgment.  ECF No. 40.

I.      Allegations in the Fifth Amended Complaint

This action proceeds on plaintiff's fifth amended pro se civil rights complaint filed March 11, 2013.  The sole surviving Eighth Amendment claim against defendant Jones is based on plaintiff's allegation that she failed to provide adequate medical care for the injury to his left ring finger which occurred on December 23, 2011.  ECF No. 18.  Plaintiff specifically alleged that "Jones refused to do anything more about the condition of my finger so now my hand is in constent [sic] pain and I can't use the hand properly."  Id. at 6.  Plaintiff further alleged that "RN Jone[s] refused to give me proper medical attention for hand and finger that has now cause[d] me

1

to not have [the] use of my lift [sic] hand." Id. Accordingly, this case proceeds under the two separate theories that defendant Jones was deliberately indifferent to plaintiff's medical needs because: 1) she either delayed or refused to provide medical care to plaintiff; and, 2) whatever medical attention she did provide was constitutionally inadequate.

II.     Summary Judgment Motion

Defendant Jones moves for summary judgment on plaintiff's claim that she demonstrated deliberate indifference to his medical needs, on grounds that her involvement was limited to responding to plaintiff's medical grievances about his left ring finger. ECF No. 40-3 at 2-3. Jones responded to the grievances based on the information and medical opinions of those health care providers who actually were responsible for delivering care to plaintiff. Id. at 3. Defendant Jones was not responsible for any delay or denial of medical care to plaintiff because she facilitated his requests for medical attention in response to his grievances. Id. at 3-4. Additionally, defendant Jones argues that she is entitled to summary judgment because she was not responsible for any of the medical treatment decisions involving plaintiff's left ring finger. Plaintiff's treatment was being handled by a Physicians' Assistant, the jail physicians, and an outside consulting orthopedist. ECF No. 40-3 at 2.

III.    Plaintiff's Opposition

At the outset the court notes that plaintiff has not filed a document disputing defendants' statement of undisputed facts, nor has he filed a separate statement of disputed facts. ECF No. 295. In this respect, plaintiff has failed to comply with Rule 56(c)(1)(A) of the Federal Rules of Civil Procedure which requires that "a party asserting that a fact ... is genuinely disputed must support the assertion by ... citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, ... admissions, interrogatory answers, or other materials ...." He has also not followed Local Rule 260(b), which requires that any party in its opposition to a motion for summary judgment: shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or

other document relied upon in support of that denial.

Local Rule 260(b) also states, in relevant part, that: [t]he opposing party may also file a concise 'Statement of Disputed Facts,' and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication. The opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers. See L.R. 133(j).

It is well-established that the pleadings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), overruled on another ground by Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc). While non-prisoner pro se litigants should not be treated more favorably than parties represented by attorneys, unrepresented prisoners' choice to proceed without counsel "is less than voluntary" and they are subject to the "handicaps ... detention necessarily imposes upon a litigant" .... such as "limited access to legal materials" as well as "sources of proof." Jacobsen v. Filler, 790 F.2d 1362, 1364–65 & n. 4 (9th Cir. 1986)). Inmate litigants, therefore, should not be held to a standard of "strict literalness" with respect to the requirements of the summary judgment rule. Id. The court is mindful of the Ninth Circuit's more overarching caution in this context, as noted above, that district courts are to "construe liberally motion papers and pleadings filed by pro se inmates and ... avoid applying summary judgment rules strictly." Thomas v. Ponder, 611 F.3d at 1150. Accordingly, the court considers the record before it in its entirety despite plaintiff's failure to be in strict compliance with the applicable rules. However, only those assertions in the opposition which have evidentiary support will be considered.

IV.     Undisputed Material Facts

All facts are undisputed unless noted. Defendant Vivi Jones is a registered nurse and does not provide medical diagnosis, orders for prescriptions or diagnostic testing for patients. ECF No. 40-7 at 1. Defendant Jones' first contact with plaintiff concerning his finger was on January 10, 2012, after defendant received a grievance filled out by plaintiff. Id. at 2; ECF No. 40-5 at 10

1    (California Forensic Medical Group Progress Notes dated 1/10/12).  At that time defendant Jones
2    advised plaintiff that she had placed him on the list to be seen by the jail physician or the
3    "MDSC."  ECF No. 40-7 at 2.  Plaintiff then took his grievance back.  Id.

4           On January 13, 2012, plaintiff re-filed a grievance alleging that he had not received a
5    response to two prior grievance forms that he had submitted.  ECF Nos. 40-5 at 12 (grievance
6    form).  Defendant Jones reviewed plaintiff's medical records and responded to his grievance on
7    January 18, 2012.  ECF Nos. 40-5 at 11 (grievance detail completed by R.N. Jones); 40-7 at 2
8    (affidavit of R.N. Jones).  Plaintiff was informed that "grievance receipts are given by custody
9    [and] [m]edical has not received any grievances other than this one from you."  ECF No. 40-5 at
10   11.  Additionally, plaintiff's medical records indicated that he was seen by the jail physician on
11   the same day for his finger injury as a result of defendant Jones' placement of plaintiff's name on
12   the MDSC list.  ECF Nos. 40-5 at 11; 40-5 at 21; 40-7 at 2-3.  On that date, the jail physician
13   ordered an x-ray as well as the taping of plaintiff's finger for three weeks with the gauze padding
14   to be changed twice a week.  ECF No. 40-5 at 11, 21.

15          Defendant Jones' last contact with plaintiff occurred after plaintiff submitted another
16   grievance form on February 11, 2012 concerning "how medical is handling my situation with my
17   finger."  ECF No. 40-5 at 15.  Defendant Jones responded administratively to the plaintiff's
18   grievance on February 15, 2012 again with information from a review of the plaintiff's medical
19   chart concerning the care his medical providers were providing to him.  ECF Nos. 40-5 at 14; 40-
20   7 at 3.  Her review indicated that plaintiff was seen by the jail physician on February 14, 2012
21   who ordered an x-ray and further wrapping of his finger.  ECF Nos. 40-5 at 14, 25; 40-7 at 3.
22   Plaintiff's finger was x-rayed on February 21, 2012.  ECF No. 40-5 at 19.  Following defendant
23   Jones' response to plaintiff's February grievance, the plaintiff was seen, once again, by the jail
24   physician on February 28, 2012 who explained that plaintiff's x-ray of his finger did not reveal
25   any fracture, dislocation, edema, or deformity.  ECF Nos. 40-5 at 19, 26; 40-6 at 4.

26          After plaintiff reported a problem with his finger in March 2013, plaintiff was seen by the
27   jail physician and thereafter referred out twice for orthopedic specialty consultations.  ECF Nos.
28   40-5 at 16, 20, 32-34, 44-46; 40-6 at 5.  The interaction between plaintiff and defendant Jones

with respect to her review and response to plaintiff's grievances was proper and appropriate and within the applicable medical standard of care.  ECF No. 40-6 at 5; 40-7 at 3.

V.     Legal Standards for Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically store information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).  When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the nonmoving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325.); see also Fed. R. Civ. P. 56(c)(1)(B).  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See Celotex, 477 U.S. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, . . ., is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the

5

existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (citations omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all reasonable inferences supported by the evidence in favor of the non-moving party." Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

Plaintiff received contemporaneous notice of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure on October 29, 2013. See ECF Nos. 40, 40-1; see also Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied,

527 U.S. 1035 (1999), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988).

VI.     <u>Legal Standard Governing Eighth Amendment Claim</u>

The Civil Rights Act under which plaintiff is proceeding provides that

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires an actual connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

The Eighth Amendment proscription against cruel and unusual punishment encompasses the government's obligation to provide adequate medical care to those whom it is punishing by incarceration. See <u>Estelle v. Gamble</u>, 429 U.S. 97, 103 (1976). In order to establish an Eighth Amendment claim based on inadequate medical care, plaintiff must show that the defendant was deliberately indifferent to his serious medical needs. See <u>Helling v. McKinney</u>, 509 U.S. 25, 32, (1993); <u>Estelle</u>, 429 U.S. at 106; <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on other grounds</u>, <u>WMX Technologies v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997). Deliberate indifference to the serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. See <u>McKinney</u>, 509 U.S. at 32; <u>Estelle</u>, 429 U.S. at 104; <u>McGuckin</u>, 974 F.2d at 1059.

A "serious" medical need arises if the failure to treat the plaintiff could result in further significant injury or the "unnecessary and wanton infliction of pain." <u>Estelle</u>, 429 U.S. at 104; <u>McGuckin</u>, 974 F.2d at 1059. Deliberate indifference may be manifested by the intentional denial, delay or interference with the plaintiff's medical care, or by the manner in which the medical care was provided. See <u>Estelle</u>, 429 U.S. at 104–05; <u>McGuckin</u>, 974 F.2d at 1059.

7

However, the defendant must purposefully ignore or fail to respond to the plaintiff's pain or medical needs. See McGuckin, 974 F.2d at 1060.  Thus, neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care (without more), nor a difference of opinion over proper medical treatment, is sufficient to constitute an Eighth Amendment violation. See, e.g., Estelle, 429 U.S. at 105–06; Toguchi v. Chung, 391 F.3d 1051, 1058–60 (9th Cir.2004); Jackson v. Mcintosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989); Shapley v. Nevada Bd. of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1984).

Moreover, the Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." See Estelle, 429 U.S. at 106: see also, e.g., Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050; Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

When an inmate seeks money damages, as opposed to injunctive relief, the inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  See Leer, 844 F.2d at 633.  Sweeping conclusory allegations will not suffice to prevent summary judgment. Id. at 634.  The inmate must show: (1) that the specific prison official, in acting or failing to act, was deliberately indifferent to the mandates of the Eighth Amendment; and (2) that this indifference was the actual and proximate cause of the deprivation of the inmate's right to be free from cruel and unusual punishment. Id.

VII.   Analysis

For purposes of this motion, the undersigned will assume, without deciding, that plaintiff's injury to his left ring finger constituted a serious medical need.  However, in order to

show that defendant's response was deliberately indifferent, there must be a genuine issue of material fact in dispute concerning defendant's purposeful act or failure to respond to plaintiff's pain or possible medical need, as well as harm caused by the indifference. Defendant Jones has met her burden of establishing the absence of a genuine issue of material fact in this case. As to plaintiff's theory that defendant Jones is liable based on her delay or refusal to provide him with medical treatment, the undisputed material facts demonstrate that plaintiff was seen by jail physicians after each grievance form was reviewed and responded to by defendant Jones. Plaintiff simply provides no evidence that anything defendant Jones did or failed to do comes close to demonstrating deliberate indifference. Defendant is therefore entitled to summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Jones' motion for summary judgment (ECF No. 40) is granted;

2. Judgment is entered for defendant Jones;

3. All further dates be vacated; and,

4. This case is closed.

DATED: August 21, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE